IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **ANYA JAVADI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 3:12-CV-4 (CAR)** |
| **MATTHEW MORTENSEN,** [1] | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Matthew Mortensen's Motion to Dismiss [Doc. 7] Plaintiff Anya Javadi's Complaint for failure to state a claim upon which relief can be granted.  The Motion is fully briefed and ripe for adjudication.  Having considered the matter and relevant case law, Defendant's Motion [Doc. 7] is **GRANTED**.

### Legal Standard

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.  <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009).  To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] The correct spelling of Defendant last name is Mortensen, not Mortenson.  The caption is **AMENDED** to reflect this correction.

1

Procedure, "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (<u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.  <u>Twombly</u>, 550 U.S. at 556.

## Background

At the time of this dispute, Plaintiff Anya Javadi was a student at the University of Georgia ("UGA").  On January 20, 2010, Plaintiff parked her 2004 red Ford Escape in the Boggs Hall parking lot ("Boggs Lot").  Later that day, between 1:45 p.m. and 2:00 p.m., Plaintiff moved her vehicle from Boggs Lot to a different parking lot across campus near the intramural fields.  Plaintiff went for a run along nearby jogging trails, attended her 3:30 p.m. class, worked on a lab project with a classmate, attended her

---

[2] In her Response, Plaintiff cites the "no set of facts" standard established in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. C.t 99 (1957), as the controlling legal standard against which a Rule 12(b)(6) motion to dismiss must be considered.  However, as established in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), the <u>Conley</u> standard is no longer controlling.  Accordingly, the Court will consider the instant Motion using the <u>Twombly</u> standard.

5:30 p.m. class, and then went to dinner with friends.  After dinner, around 9:00 p.m., Plaintiff drove back to Boggs Hall and parked her car at Boggs Lot.

That night around 9:30 p.m., another UGA student, Oorvi Chhabra, reported to Officer Jerry Cooper of the UGA Police Department that her car, parked in Boggs Lot, had been hit and damaged by an unknown offender.   Chhabra's friend, Janna Wimburn, was an eyewitness to the incident.   Wimburn reported that around 3:20 p.m. that afternoon, she had seen a red SUV leave the scene after hitting Chhabra's car while backing out of the spot adjacent to Chhabra's car.   Wimburn then identified Plaintiff's vehicle as the offending vehicle.

Defendant Officer Matthew Mortensen was the UGA Police Department officer assigned to investigate this incident.   Defendant reviewed Wimburn's earlier statement to Officer Cooper and also contacted Wimburn by telephone who additionally informed him that the red SUV had "backed into the car to its left."  [Doc. 1].  Defendant also photographed the scratch in the middle of Plaintiff's rear bumper, and measured the distance from the ground to the scratch on her car and the distance from the ground to the damage to Chhabra's car, and "concluded that the damage comparison show[ed] very clear matching damage."   [Doc. 1].  Defendant found no

3

evidence of paint transfer from Chhabra's car to Plaintiff's despite the fact that the paint on Chhabra's car had been scraped.

On February 3, 2010, Plaintiff went to speak to Defendant at the UGA Police Department to explain her whereabouts for the time period in question and where she had parked.  In his report, Defendant wrote that Plaintiff's statement seemed like the "construction of a lie" and noted a "change in her story" as she first had stated that she left Boggs Lot at "about two o'clock" and then later stated that she had left at 1:45 p.m.  Per Defendant's request, Plaintiff submitted a written statement.  Afterwards, Defendant continued to interrogate Plaintiff and at some point informed her that she was not cooperating with the investigation.  Plaintiff refused to admit that she was responsible for the damage.

The next day, Defendant swore out an arrest warrant for Plaintiff stating that she had violated O.C.G.A. § 40-6-271, which outlines an individual's duty upon striking an unattended vehicle.  In her Complaint, Plaintiff does not attach or identify the facts sworn to by Defendant in the arrest warrant.  However, Plaintiff does list the following omissions: (1) discrepancy between the damage to the victim's vehicle and the scratch on Plaintiff's bumper; (2) location of the scratch; (3) the physical orientation of the cars; (4) relationship between the eyewitness and the victim and the

4

eyewitness's delayed statement; (5) "animosity between the victim and [Plaintiff] which Defendant corroborated on his own."  [Doc. 1].  On February 4, 2010, Plaintiff turned herself into the Athens-Clarke County Jail and spent about four hours in custody.  The Solicitor subsequently dismissed the charges.

On January 5, 2012, Plaintiff brought the instant action against Defendant. Pursuant to 42 U.S.C. § 1983, Plaintiff asserts Fourth Amendment claims of false arrest and malicious prosecution against Defendant.

## Discussion

As an initial matter, in her Response, Plaintiff attached photographs of the damage to Plaintiff and Chhabra's cars that were not previously attached to her Complaint.  Plaintiff acknowledges that the exhibit goes "outside the pleadings," but states that she "may seek leave to amend" her Complaint and include these exhibits. [Doc. 9, p. 8, n.1].  Defendant argues that this exhibit should not be considered by the Court as it was not attached to her Complaint.  The Court agrees.  The Court's determination of a Rule 12(b)(6) motion is confined to the well-pleaded allegations within the four corners of the complaint.  Here, the exhibit is attached to support the

5

type of damage to the vehicles that was not alleged in the Complaint.[3] Thus, because Plaintiff has not sought leave to amend her complaint pursuant to Rule 15(a), the Court will not consider Plaintiff's exhibit. Additionally, to the extent that Plaintiff includes facts not otherwise alleged in her Complaint, the Court will not consider these new allegations in deciding the instant Motion.

Looking next to the merits of the instant Motion, Defendant argues that he had probable cause, or at the least, arguable probable cause, to arrest Plaintiff and is therefore entitled to qualified immunity on both claims.[4] As discussed below, because the Court finds that Defendant had probable cause, the Court need not address whether Defendant's alternative arguable probable cause argument had merit.

**1. False Arrest**

Defendant argues that based on the totality of the circumstances, he had probable cause to arrest Plaintiff and is thus entitled to qualified immunity. Plaintiff responds that Defendant ignored physical evidence that demonstrated the impossibility of Plaintiff's commission of the offense, specifically: (1) the position of

---

[3] In her Response, Plaintiff argues that "the damage to the victim's car is not a pushed-in dent, but rather the vehicle that inflicted the damage clearly moved across the quarter panel." [Doc. 9, p. 10].

[4] As Defendant notes, it appears that Plaintiff is only bringing suit against Defendant in his individual capacity. Notwithstanding, the Court agrees with Defendant that such a claim against Defendant in his official capacity is barred by the Eleventh Amendment. See Ky. v. Graham, 473 U.S. 159, 169 (1985).

the damage on both vehicles, and (2) Wimburn's statement that the red SUV was "adjacent" to the victim's car.[5]  Additionally, Plaintiff contends that Defendant omitted material facts in the arrest warrant and is therefore not entitled to qualified immunity.

Under the Fourth Amendment, a person has the right to be free from unreasonable search and seizure,  U.S. CONST. Amend. IV, and an arrest of that person constitutes a seizure under the Fourth Amendment.  Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1137 (11th Cir. 2007).  Whether an arrest is reasonable depends on a finding of probable cause, which is guided by considering the totality of the circumstances. Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).  A finding of probable cause entitles the officer to qualified immunity: "complete protection for government officials sued in their individual capacities."  Poulakis v. Rogers, 341 F. App'x 523, 525 (11th Cir. 2009) (quotation omitted).  If an officer makes an arrest without probable cause, however, the officer may still be entitled to qualified immunity so long as the officer's conduct did not violate "clearly established" statutory or constitutional rights. Id.  (quotation and citation omitted).  This latter inquiry is frequently framed as "arguable probable cause."  Id.

---

[5] Plaintiff argues that "[a]n adjacent car cannot orient itself such that only the part of the back bumper with the scratch makes contact with the rear quarter panel of the adjacent car."  [Doc. 9, p. 8].

The law is well-settled that probable cause exists when an officer has facts and circumstances within his knowledge "sufficient to warrant a reasonable belief that the suspect had committed … a crime." Id. (quotation omitted).  Here, Defendant acted with probable cause in obtaining an arrest warrant for Plaintiff.  Defendant considered all of the available evidence, including interviews and statements of the eyewitness, the victim, and Plaintiff, as well as physical evidence of the damage, including photographs and measurements.  While the physical evidence may lead to some factual inconsistencies, the Court finds that these minor discrepancies are neither sufficiently clear nor serious enough to undermine probable cause.  See Dahl v. Holley, 312 F.3d 1228, 1234 (11th Cir. 2002) (holding that "probable cause require certainty on the part of the police") (citations omitted).  The Court thus finds that the totality of the circumstances could lead an officer to reasonably conclude that probable cause was present.

Defendant is therefore entitled to qualified immunity, unless, as Plaintiff argues, Defendant omitted "relevant and material information" in the arrest application.  See e.g., United States v. Umansky, No. 07-13399, 2008 WL 3890160, at * 1 (11th Cir. Aug. 22, 2008).  Information is material "only [when] the inclusion of the

8

omitted facts would have prevented a finding of probable cause." <u>Madiwale v.</u> <u>Savaiko</u>, 117 F.3d 1321, 1327 (11th Cir. 1997).

Here, the omissions from the warrant application were immaterial to the finding of probable cause. An inclusion of the omitted facts, when considered in light of the totality of the circumstances, still leads to a finding of probable cause still exists. Although the position of the damage may be, in hindsight, inconsistent with the witness' statement, a finding of probable cause does not have to be unambiguous or certain. <u>See</u> <u>Mills v. Town of Davie</u>, 48 F. Supp. 2d 1378, 1380 (S.D. Fla. 1999) ("[C]ourts should be wary of scrutinizing the circumstances of an arrest through the 20/20 hindsight that comes after charges are dropped or the suspect is acquitted."); <u>see also</u> <u>Weinerth v. Ayers</u>, No. 2:10-cv-170-FtM-29SPC, 2012 WL 390512, *2 (M.D. Fla. Feb. 7, 2012) (A police officer need not credit everything a suspect tells him, and is not required to resolve all inferences and all factual conflicts in favor of the suspect.") (quotations and citations omitted). Accordingly, the Court concludes that Defendant is entitled to qualified immunity in regards to Plaintiff's false arrest claim.

**Malicious Prosecution**

Plaintiff also asserts a malicious prosecution claim against Defendant. In order to establish a § 1983 claim based on malicious prosecution, a "plaintiff must prove a

violation of [her] Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." <u>Wood v. Kesler</u>, 323 F.3d 872, 881 (11th Cir. 2003) ("We … use the same arguable probable cause standard in the qualified immunity context for § 1983 claims for both false arrest and malicious prosecution, as both require a violation of the Fourth Amendment."). Here, as discussed above, Plaintiff cannot establish a Fourth Amendment violation because there was probable cause for her arrest.  Thus, Plaintiff fails to state a claim for which relief may be granted.

Even if the Court were to conclude that Defendant did not have probable cause (or even arguable probable cause) to arrest Plaintiff, her malicious prosecution claim nevertheless fails because, as Defendant argues, Plaintiff was not actually prosecuted. In Georgia a malicious prosecution claim must allege an actual prosecution, or "an inquiry before a committing court or magistrate." O.C.G.A. § 51-7-42.  In other words, "[i]f a person is merely arrested pursuant to a warrant, a claim for malicious prosecution will not lie." <u>McNeely v. Home Depot Inc.</u>, 275 Ga. App. 480, 482 (2005) (quotations and citations omitted).  In <u>Branson v. Donaldson</u>, 206 Ga. App. 723 (Ga.

10

App. 1992), the court held that the magistrate proceedings conducted *after* plaintiff's arrest "r[o]se to the level of a 'prosecution'" under O.C.G.A. § 51-7-42. <u>Id.</u> at 725.

Here, Plaintiff's Complaint alleges that she was arrested pursuant to an arrest warrant and that the charges were dismissed.  However, Plaintiff fails to allege that she endured any inquiry before a committing court after her arrest.  Her reliance on the issuance of an arrest warrant is insufficient to establish actual prosecution.  Thus, Plaintiff's fails to state a claim against Defendant for malicious prosecution.

## Conclusion

Based on the aforementioned, Defendant's Motion to Dismiss [Doc. 7] is **GRANTED**.   Plaintiff's false arrest and malicious prosecution claims against are **DISMISSED.**

**SO ORDERED,** this 7th day of May, 2012.

<div style="margin-left:40%">

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

</div>

LMH/aes